| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JAMES WALKER,**<br>                              **Plaintiff,**<br>v.<br>**THE CITY OF NEW YORK, NYPD Officer Jarrett Dill (TAX ID# 940094), NYPD Sergeant Jose Capella (TAX ID# 915058), NYPD Officer Stephen Penaranda (TAX ID# 937263) and NYPD Officer Vermell Avenger (TAX ID# 948175)**<br><br>                              **Defendants.** | **Second Amended Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.:15-cv-500 (NGG)(RER) |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York, NYPD Officer Jarrett Dill, NYPD Sergeant Jose Capella, NYPD Officer Stephen Penaranda and NYPD Officer Vermell Avenger alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Sergeant Jose Capella's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff James Walker ("Plaintiff" or "Mr. Walker") is a thirty-nine (39) year old African American man who resides in the County of Kings, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendants NYPD Officers Jarrett Dill, Stephen Penaranda, Vermell Avenger and NYPD Sergeant Jose Capella, were members of the New York City Police Department ("NYPD") who were so employed on April 22, 2014. NYPD Officers Jarrett Dill, Stephen Penaranda, Vermell Avenger and NYPD Sergeant Jose Capella were acting under color of state law and in their capacity as members of the NYPD at all relevant times. Defendant NYPD Officers Jarrett Dill, Stephen Penaranda, Vermell Avenger and NYPD Sergeant Jose Capella are sued in both their individual and official capacities.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place on the morning of April 22, 2014, and in the vicinity of Blake Avenue, within the Van Dykes Houses, Brooklyn, NY.

9. Plaintiff was sitting on a bench within the development where he resides, and waiting for a friend who he had planned on going to the gym with.

10. Plaintiff's friend came outside and Plaintiff and his friend started walking.

11. All of a sudden, police vehicles pulled up next to Plaintiff and his friend who had been walking and numerous uniformed NYPD officers exited.

12. Plaintiff was then told to "stop," and he complied.

13. NYPD Officers Jarrett Dill, Stephen Penaranda and Vermell Avenger then explained to Plaintiff that he was being arrested and Plaintiff asked why.

14. In response to his query, Plaintiff was told that he was being arrested for possession of a firearm, although Plaintiff did not have any firearm on his person.

15. Plaintiff was then told that they would check the cameras within the building to see if recent footage showed Plaintiff with a firearm.

16. The video footage from the building cameras was checked and none of the video showed Plaintiff in possession of a firearm.

17. Nevertheless, Plaintiff was taken to the 73rd Precinct where he spent approximately fourteen (14) hours.

18. Thereafter, Plaintiff was transported to Central Booking to await arraignment.

19. After spending eighteen (18) hours in Central Booking, Plaintiff went before a criminal court judge and was released into his own recognizance.

20. Plaintiff then returned to criminal court at least five (5) times post-arraignment before the matter was completely dismissed on January 20, 2015.

21. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. NYPD Officers Jarrett Dill, Stephen Penaranda and Vermell Avenger violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
*False Arrest*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. NYPD Officers Jarrett Dill, Stephen Penaranda and Vermell Avenger violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

27. Plaintiff was aware of his confinement and he did not consent to it.

28. The confinement was not otherwise privileged.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. NYPD Sergeant Jose Capella was present and observed the unlawful conduct as against Plaintiff; he had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

32. Accordingly, NYPD Sergeant Jose Capella who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*MONELL CLAIM*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned defendant in his official capacity as a police officer and official pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

37. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created

a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

38. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

39. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

40. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who

have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

41. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

42. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

43. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action.

This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

44. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

45. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: November 7, 2015
New York, NY

**s/Michael J. Redenburg**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)